EASTERN DIST.
June, 1837.

MULHOLLAN *vs.* EATON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

MULHOLLAN
*vs.*
EATON.

11  297
111  685

Where partners make a settlement of their partnership concern, to a certain period, after the expiration of the partnership, and one of them executes his promissory note for the return of the capital which the other put in, he cannot claim a final settlement of all the partnership affairs before he is compelled to pay his note.

This is a suit on a promissory note executed by the defendant to the plaintiff, for thirteen thousand six hundred and fifty dollars, dated the 16th August, 1835, payable the 15th February following, at the counting-house of Lambeth & Thompson, in New-Orleans.

The defendant averred that at the time the note sued on was given, he was in partnership with the plaintiff in buying and selling slaves.   That no final settlement had ever taken place of the partnership transactions ; and that at the time the note was given it was agreed and understood between the parties, that before it became due, a final settlement should take place in order to ascertain the real amount coming to the plaintiff.

He further states that the note was given in error, and that on a final and fair settlement there would be nothing due to the plaintiff.   He prays that the petition be dismissed, that a final and fair settlement of the partnership affairs take place.

Shortly before the trial the defendant filed a supplemental answer, propounding interrogatories to the plaintiff :

*First interrogatory.* "Was not the note sued on given in the course of business between you and defendant as partners in buying and selling slaves?"

To this the plaintiff answered in substance, that in March, 1834, he agreed with the defendant, to advance, and did advance fifteen thousand dollars in money to purchase slaves

to be sold or used in Louisiana, for which he was to have a share of the profits, or take out such slaves as he might want for his plantation. That in the fall of 1834, the defendant made four shipments of slaves to Louisiana, which he had the entire control of, both in buying and selling. This agreement or partnership was limited to the year 1834.

That in the spring and summer of 1835, they had a settlement, when there was still a few slaves unsold, and the note in suit was given for the return of so much of the capital advanced. There was a portion of the profits paid to him by defendant also.

*Second.* "Has there ever been a final settlement of the affairs of said partnership?"

*Answer.* "There has been, up to the period I have named in answering the first interrogatory."

Upon this evidence the cause was tried before the court. The district judge gave judgment for the plaintiff in the sum claimed, with interest and costs. The defendant appealed.

*Curry,* for the plaintiff, urged the affirmance of the judgment. There was no evidence that the note was executed in error, or in fact any defence against its payment.

2. The defence of an unliquidated partnership cannot prevail. There has been a partial liquidation, and the note in question, given for the return of the capital. Some profits were divided : So that the general rule as to settlements of partnerships, before one partner can sue a co-partner, does not apply to this case.

*Roselius* and *Strawbridge,* for the defendant, contended, that this case disclosed an unliquidated partnership, and there was no principle better established, than that a partner cannot sue a co-partner, except for a settlement and liquidation of the partnership affairs, and for such balance as might be found due.

*Carleton, J.,* delivered the opinion of the court.

The defendant being sued upon a promissory note which he had given to the plaintiff, pleaded in his answer, that at

the date of its execution, he was in partnership with the plaintiff in buying and selling slaves. That it was then agreed upon a final settlement of their joint concerns should take place before the note became due, and that in the meanwhile, payment thereof should not be enforced. That the plaintiff had, nevertheless, constantly refused to make such settlement; that whenever the same shall take place, it will appear that little or nothing will be coming to the plaintiff, and that the note was therefore given in error, and without consideration.

He concludes by praying that their partnership transactions be first adjusted; that the plaintiff be decreed to pay any balance that may appear to be due, and for all further relief that the law affords.

The case was submitted to the court, who decreed in favor of the plaintiff, and the defendant appealed.

The only evidence adduced at the trial, is that which was obtained from the plaintiff himself, by interrogatories propounded and annexed to the defendant's supplemental answer.

From this it appears that the plaintiff had brought into the partnership, fifteen thousand dollars, which he delivered to the defendant, who had the sole agency and control of the enterprize. That the parties had a settlement of their affairs in the spring or summer of 1835, in pursuance of which the note sued on was given in part re-payment of the capital advanced by the plaintiff, the balance being made up of ready money, and a slave delivered at Richmond in Virginia. That although a portion of their partnership affairs still remains unadjusted, yet they had been finally liquidated up to the period at which the note was given.

As the truth of the statement drawn from the plaintiff is not impeached or opposed by countervailing testimony, we presume it discloses the true nature of the dealings that took place between the parties; and notwithstanding the remedy by which partners may compel each other to account, and such as is contended for by the defendant's counsel, yet by the settlement voluntarily entered into between the parties, they have made a law unto themselves, and we see no

*Where partners make a settlement of their partnership concerns to a certain period, after the expiration of the partnership, and one of them executes his promissory note for the return of the capital which the other put in, he cannot claim a final settlement of all the partnership affairs before he is compelled to pay his note.*

reason why the defendant should be released from his obligation.

We do not perceive any error in the decree of the court, and think it ought not to be disturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.