## COPLEY v. RICHARDSON.

Where there has been a settlement of partnership affairs to a certain date, and one partner executes his note in favor of the other for an amount due to the latter, he cannot require a final settlement of the partnership before paying the note thus given.

Where a party binds himself to the holder of a note to pay the amount in case he cannot get it out of the maker, the return of the sheriff on a *fi. fa.* against the maker, "that having made diligent search and enquiry, and no property being found in this parish, it is returned *nulla bona*," will not suffice to authorize a judgment against the surety. *Per Cur:* The law makes it the duty of the sheriff to call upon the defendant to point out property, and, in case he is unsuccessful, to call upon the plaintiff to do the same thing. Here no such request was made from either; and, *non constat.*, that the judgment would not have been paid if a demand had been made of the defendant.

APPEAL from the District Court of Ouachita, *Barry*, J. *Copley*, appellant, *pro se*. *Richardson*, defendant, *pro se*. The judgment of the court was pronounced by

Rost, J. The plaintiff sued the defendant on a due bill for $205 87, bearing interest at the rate of ten per cent per annum, from 23 of September, 1842. The defendant set up in reconvention the following 'claims: 1. A claim of $117 40, under a written obligation of the plaintiff, bearing date 20 of February 1844. 2. A claim for $200, with interest at the rate of ten per cent per annum, from the 1 of March, 1841, till paid, alleged to be the amount of *Thomas L. Norris'* note in favor of the plaintiff, dated the 1st of June 1840, due on the 1st of March, 1841, with interest as stated, which note the plaintiff bound himself to *Henry C. McEnery*, the holder of it, to pay, in case the amount thereof could not be made out of *Morris*, of which obligation the °defendant avers he is the owner by regular transfer and assignment. The District Court allowed the claims of both parties, and gave judgment in favor of the defendant in reconvention, for the balance in his favor. The plaintiff has appealed.

The plaintiff opposes the allowance of the first claim in compensation, on the ground that it originated in, and is connected with the partnership affairs of

*Copley & Richardson*, of which there has been no final settlement. There have been several partial settlements of the affairs of this partnership: one on the 20 February, 1844, the date of the plaintiff's obligation in favor of the defendant.

When there is a settlement of partnership affairs to a certain date, and one partner executes his note in favor of the other, for an amount due him, he cannot require a final settlement of all the affairs of the partnership before paying the note thus given. 11 La. 293. The plaintiff expressly bound himself to give credit for the amount of the note he gave, on such notes as he held of the defendant's, which the said defendant might acknowledge as correct. We are satisfied that this credit was properly allowed.

The appellant opposes the second claim, on the ground that the defendant has failed to show due diligence on the part of *McEnery*, in attempting to collect the amount of it from *Norris*. The agreement of *Copley* was to pay the amount, provided *McEnery* could not get payment out of the maker, *Norris*, it being well understood that he was only to be responsible in the event of the insolvency of *Norris*, and after *McEnery* should have taken all steps to collect the money of him by suit and execution. *McEnery* obtained against *Norris* a judgment, upon which execution issued, and the return of the sheriff on that execution is as follows: "Rec'd 2nd February, 1842, and having made diligent search and inquiry, and no property being found in this parish whereon to levy this writ, it is returned *nulla bona*."

The law makes it the duty of the sheriff to call upon the defendant to point out property, and, in case he is unsuccesful, to call upon the plaintiff to do the same. Here no such request was made by the sheriff from either, and, *non constat*, that the judgment would not have been paid if a demand had been made from the defendant. The return of the sheriff is not a compliance with the condition on which *Copley* bound himself, and this portion of the reconventional demand of the defendant must be dismissed.

It is, therefore, ordered that the judgment in this case be reversed, and that the plaintiff recover from the defendant, the sum of one hundred and seventeen dollars and fifty four cents, with interest at the rate of ten per cent per annum from the 20th February 1844, till paid. It is further ordered that there be judgment as of nonsuit against the defendant upon his claim against the plaintiff on the *Norris* debt, and that he pay the costs in both courts.